UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSICA SPRAGG and
MATTHEW SPRAGG,

      Plaintiffs,

v.

                                    STATE OF MICHIGAN
                                    26TH CIRCUIT COURT
                                    CASE NO. 2010-3713-NH

CHRISTA WILLIAM, M.D., RICHARD BATES,     USDC, ED MICH ND
M.D., ALPENA REGIONAL MEDICAL            CIVIL NO.
CENTER and ALPENA OB/GYN, P.C.

      Defendants.

_____/

## NOTICE OF REMOVAL

      Defendants Christa Williams, M.D. (Dr. Williams) and Richard Bates, M.D. (Dr. Bates), by

their attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan,

and Derri T. Thomas, Assistant United States Attorney, without waiving any defenses of

insufficiency of process, hereby remove the above-captioned case to the United States District Court

for the Eastern District of Michigan, Northern Division.

      1.     Dr. Williams and Dr. Bates are named as defendants in the above-captioned civil

action, which is pending in Alpena Circuit Court (26th Circuit Court), a State of Michigan court, as

case number 2010-3713-NH.  Copies of all process, pleadings, and orders received by these named

defendants are attached to this Notice of Removal.

      2.     On or about December 20, 2010, the United States Attorney's Office for the Eastern

District of Michigan received copies of the First Amended Complaint and original Summons and

Complaint.

3.      The plaintiffs in the state court action seek money damages from the defendants under tort claims allegedly arising from medical treatment by Dr. Williams and Dr. Bates.

4.      At the time of the events underlying this lawsuit, defendants Dr. Williams and Dr. Bates were employed by Alcona Citizens for Health, Inc., d/b/a Alcona Health Center, a deemed community health center under the Federally Supported Health Centers Assistance Act of 1992 (FSHCAA), Pub. Law 102-501, 42 U.S.C. § 233(g)-(n). Because Dr. Williams and Dr. Bates are employees of an "entity" within the meaning of 42 U.S.C. § 233(g), they are deemed to be employees of the U.S. Public Health Service.

5.      The FSHCAA provides that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2401(b), 2671-2680, is the exclusive remedy for injuries caused by employees of a deemed community health center occurring on or after January 1, 1993, or when the health center was deemed eligible for coverage. Alcona Citizens for Health, Inc., d/b/a/ Alcona Health Center, was deemed eligible for FTCA coverage on January 1, 2008, and that coverage has continued without interruption since that time. Accordingly, under 42 U.S.C. § 233(a) & (g), a claim against the United States pursuant to the FTCA is the exclusive remedy available to plaintiffs in this case with respect to the alleged acts or omissions of defendants Dr. Williams and Dr. Bates.

6.      Removal of this action to federal district court is made pursuant to 28 U.S.C. § 2679(d)(2). Section 2679(d)(2) provides that, upon certification by the Attorney General or his designee that a defendant employee was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose, any civil action commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the

action or proceeding is pending, which in this case is the Eastern District of Michigan, Northern Division.

7.  Elizabeth J. Larin, Chief, Civil Division, Office of the United States Attorney for the Eastern District of Michigan, has certified that at the time of the incident or incidents out of which plaintiff's claim arose, defendants Dr. Williams and Dr. Bates were acting within the scope of their employment as federal employees.  The Certificate of Scope of Employment is attached to the Notice of Substitution of the United States as Defendant, being filed contemporaneously with this Notice of Removal.  Section 2679(d)(2) provides that this certification by the Attorney General conclusively establishes scope of office or employment for purposes of removal.

WHEREFORE, the above-captioned action is hereby removed from State court to the United States District Court for the Eastern District of Michigan, Northern Division.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


    s/DERRI T. THOMAS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:  (313) 226-9153
E-mail:  derri.thomas@usdoj.gov
(P53439)

Dated: January 5, 2010

## CERTIFICATE OF SERVICE

It is hereby certified that service of **Notice of Removal** and Certificate of Service has this 5th day of January, 2011, been made upon all counsel of record, by placing same in an envelope with appropriate postage, and depositing said envelope in a United States Postal receptacle at Detroit, Michigan, addressed to:

Clerk of the Court
Alpena County Circuit Court
720 W. Chisholm Street
Alpena, MI 49707

Brian J. Benner & David A. Priehs
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI 48334


*s/LINDA ALLEN*
Linda Allen, Legal Assistant
United States Attorney's Office

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ALPENA

JESSICA SPRAGG and MATTHEW SPRAGG,

Plaintiffs,

-vs-

Case No. 2010   3713      NH

CHRISTA WILLIAMS, M.D., RICHARD BATES,
M.D., ALPENA REGIONAL MEDICAL CENTER
and ALPENA OB/GYN, P.C.,

Hon. Michael G. Mack

Defendants.



_____/

BRIAN J. BENNER (P25239)
DAVID A. PRIEHS (P39606)
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI  48334
248-737-5544/FAX: 248-737-5545

_____/

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND
## RELIANCE UPON PREVIOUSLY FILED DEMAND FOR TRIAL BY JURY

NOW COME Plaintiffs herein, by and through their attorneys, Benner and Foran and complain against the above named Defendants, as follows:

### COMMON COUNTS

1.     That at all times relevant hereto, Plaintiff Jessica Spragg is a resident of the City of Alpena, County of Alpena, State of Michigan.

2.     That at all times relevant hereto, Plaintiff Matthew Spragg is a resident of the City of Alpena, County of Alpena, State of Michigan and the husband of Jessica Spragg.

3.     That at all times relevant hereto, Defendant, Alpena Regional Medical Center (hereinafter Defendant Hospital) is a municipal health facility corporation organized under the

laws of the State of Michigan which owns and operates Alpena Regional medical Center a/k/a Alpena General hospital located in the City of Alpena, County of Alpena, State of Michigan.

4.     That at all times relevant hereto, Defendant, Alpena OB/GYN, P.C. (hereinafter Defendant P.C.), is a professional corporation organized under the laws of the State of Michigan which owns and operates a medical care facility located in the City of Alpena, County of Alpena, State of Michigan.

5.     At all times relevant, Defendant Christa Williams, M.D. (hereinafter Defendant Williams) was a physician licensed to practice medicine in the State of Michigan, board certified in the specialty of family practice, and engaged in the practice of obstetrics in the County of Alpena, state of Michigan.

6.     At all times relevant, Defendant Richard Bates, M.D. (hereinafter Defendant Bates) was a physician licensed to practice medicine in the State of Michigan, board certified in the specialty of obstetrics and gynecology and engaged in the practice of his specialty in the County of Alpena, State of Michigan.

7.     At all times relevant, there was a professional relationship between Plaintiff Jessica Spragg and Defendants (and/or their agents and employees) pursuant to which Defendants owed Plaintiff a duty to follow the recognized standard of professional practice or care in their treatment of Plaintiff.

8.     Upon information and belief, at all times material, Defendants, Williams and Bates, and nurse midwife Bonnie Bartz, were the agents and/or employees of Defendant P.C. and were given professional staff privileges by Defendant Hospital to admit their patients for labor and delivery including operative delivery.

9.      That at or about 8:00 p.m. on November 29, 2008, Plaintiff presented to Defendant Hospital in labor.

10.     Defendant Hospital's nursing staff obtained information from Plaintiff and contacted Ms. Bartz to notify her of Plaintiff's presentation to Defendant Hospital.

11.     At approximately 8:20 p.m., Ms. Bartz performed a sterile vaginal exam and noted that Plaintiff's cervix was dilated to 3 cm and 90% effaced with the fetus at 0 station with a bulging bag of waters.  Also noted was a positive bloody show.

12.     At approximately 9:10 p.m., Ms. Bartz performed a repeat SVE which revealed Plaintiff's cervix was dilated to 4 cm and 90% effaced.  Ms. Bartz then admitted Plaintiff to Defendant Hospital for a planned vaginal delivery.

13.     Plaintiff's membranes were artificially ruptured at 1:30 a.m. on November 30, 2008. The amniotic fluid was noted to be clear and without evidence of meconium.

14.     At or about 4:00 a.m. on November 30, 2008, Ms. Bartz re-examined Plaintiff and found her cervix to be fully dilated and 010% effaced.  Ms. Bartz then directed Plaintiff to start pushing.

15.     Although Plaintiff was noted to make good pushing efforts and trying a number of different laboring positions, there was an arrest of fetal descent.

16.     Fetal heart rate decelerated to 60 bpm during pushing.

17.     Ms. Bartz had Defendant Williams paged at or about 5:30 a.m. and Defendant Williams arrived at bedside at or about 05:33.

18.     At 05:56 meconium was noted by Defendant Williams during vaginal examination.

- 3 -

19.    Defendant Williams ordered an ultra sound which revealed that the fetus was positioned right occiput posterior with asynclitism.

20.    Defendant Williams directed Mrs. Spragg to continue pushing.    When little progress in fetal descent was made, Defendant Williams and Ms. Bartz made six documented attempts to deliver Plaintiff's baby with a vacuum extractor, all of which failed.  Mrs. Spragg continued pushing until 08:11 when Dr. Williams took her to the operating room for emergent cesarean delivery.

21.    Once in the operating room, Defendant Williams opened Mrs. Spragg's abdominal skin at 08:37, opened what she thought was Mrs. Spragg's uterus at 08:39 and delivered her baby at 08:40.

22.    When Defendant Williams entered the abdominal cavity she failed to identify the bladder and take necessary steps to protect it by creating a bladder flat, employing a bladder blade or otherwise.

23.    Defendant Williams was disoriented and did not identify and/or was unable to recognize anatomical structures and landmarks.

24.    When Defendant Williams attempted to incise Mrs. Spragg's uterus, she negligently cut through the bladder, both the dome and posterior wall.

25.    Likewise, Defendant Williams negligently incised the anterior wall of Mrs. Spragg's vagina mistaking it for the uterus.

26.    The baby was delivered through the anterior wall of the vagina and the rents in the bladder before Defendant Williams recognized that she had in fact incised Mrs. Spragg's bladder and vagina.

-4-

27.     Considerable further trauma was caused to Mrs. Spragg's vagina and bladder by the action of delivering the fetus through incisions made in them.

28.     Upon recognizing that she had incised Mrs. Spragg's vagina and bladder, Defendant Williams called for Defendant Bates to assist with the repair of Mrs. Spragg's bladder and vagina.

29.     Dr. Bates re-sutured the bladder and/or vagina three times before achieving what he deemed adequate repair.

30.     The injuries caused by Defendants have resulted in scarring and distortion of Mrs. Spragg's bladder and vagina.

31.     Since her release from Defendant Hospital, Mrs. Spragg has suffered serious urologic dysfunction including, but not limited to, spasms of the bladder, thinning of the bladder wall, urine retention, hydronephrosis, incontinence, urgency, urinary tract infection, frequency, interstitial cystitis and pain.

32.     As a result of the incision and other trauma to her vagina Jessica Spragg has suffered and will in the future suffer pain, including painful intercourse.

33.     Due to the trauma of the laceration to her vaginal anterior wall, of delivering the baby through the laceration and the manipulation of those tissues during multiple attempts to repair the vaginal tissues, Plaintiff has suffered scarring and thinning of her vaginal wall, causing pain and spasm and foreclosing future vaginal deliveries.

34.     As a direct and proximate result of the symptoms and conditions described above, Plaintiffs have incurred expenses for their diagnosis and treatment and will incur similar expenses in the future.

35. As a direct and proximate result of the injuries sustained by Plaintiff and outlined above, Plaintiffs have suffered a loss of earnings and earning potential and will suffer such losses in the future.

36. Moreover, Plaintiff has suffered, does suffer and will in the future suffer physical pain, emotional distress, disfigurement and disability from many vocational, recreational. Household and personal activities as a result of the negligence acts of Defendants as set forth below.

37. That Plaintiffs were not negligent or comparatively negligent in the happening of the above described events.

38. That the medical care and treatment which is at issue in the action was provided in the County of Alpena, State of Michigan.

39. That the amount in controversy herein exceeds the sum of twenty-five thousand ($25,000.00) dollars and this matter is otherwise within the jurisdiction of this Court.

## COUNT I

40. That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through thirty-nine of this First Amended Complaint as if set forth herein word for word and paragraph for paragraph.

41. That at all times relevant hereto, Defendant Williams, a family practitioner, represented herself as possessing the knowledge, skill and training of a reasonably competent and skilled physician specializing in the care of women during pregnancy, the delivery of babies, both vaginally and by cesarean section, and the diagnosis and treatment of complications and conditions associated with pregnancy and the delivery of babies.

42.     That there existed between Plaintiff Jessica Spragg and Defendant Williams, a physician-patient relationship during the time Dr. Williams provided treatment to Mrs. Spragg at Alpena Regional Medical Center on November 30, 2008.

43.     That Defendant Williams owed to her patients, and to Plaintiff Jessica Spragg particularly, a duty to provide treatment which met the standard of care and practice for physicians practicing the specialty of obstetrics, i.e. the care of women during pregnancy, the delivery of babies, both vaginally and by cesarean section, and the diagnosis and treatment of complications and conditions associated with pregnancy and the delivery of babies.

44.     That Defendant Williams, breached the above described duties and the applicable standard of care in providing care and treatment to Plaintiff Jessica Spragg in the following acts, omissions and failure, as well as other acts and omissions which will become known in the course of discovery:

A.      Failing to seek consultation, advice and aid from physicians having the education, training and experience necessary to perform emergency cesarean section deliveries.

B.      Undertaking procedures, surgical or otherwise, which she was not qualified by education, training and experience to perform, including specifically emergency cesarean delivery of a crowning baby presenting occiput posterior with asyclitism following almost four hours of pushing.

C.      Failing to take care during cesarean delivery to identify and protect organs and anatomic structures including, but not limited to the bladder and vagina.

D.      Failing to create a bladder flap and otherwise protect the bladder during cesarean delivery.

E.      Failing to know and to recognize anatomic landmarks and structures so as to be aware of the organs, tissues and structures which she encounters and/or incises during surgery.

F.    Undertaking treatment, surgical or otherwise, which she did not have the credentials, privileges and authorization to perform.

G.    Failing to appropriately deliver by cesarean section a baby whose head has descended to +2 station through incision of the uterus.

H.    Incising the bladder and vagina and delivering the fetus through those incisions during cesarean delivery.

I.    Failing to correct the malposition of the fetus by use of forceps or otherwise in order to accomplish a vaginal birth.

J.    Failing to obtain a cesarean section delivery in a timely manner.

K.    Other acts of negligence not presently known.

45.    That Defendant Williams' above described breaches of the standard of care for physicians directly and proximately caused the damages described above.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

<u>**COUNT II**</u>

46.    That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through forty-five of this First Amended Complaint as if set forth herein word for word and paragraph for paragraph.

47.·   That at all times relevant hereto, Defendant Bates represented himself as possessing the knowledge, skill and training of a reasonably competent and skilled obstetrician/gynecologist specializing in the care of women during pregnancy, the delivery of babies, both vaginally and by cesarean section, and the diagnosis and treatment of complications and conditions associated with pregnancy and the delivery of babies.

48.     That there existed between Plaintiff Jessica Spragg and Defendant Bates, a physician-patient relationship during the time Dr. Bates provided treatment ot Mrs. Spragg at Alpena Regional Medical Center on November 30, 2008.

49.     That Defendant Bates owed to his patients and to Plaintiff Jessica Spragg particularly, a duty to provide treatment which met the standard of care and practice for obstetrician/gynecologists.

50.     That Defendant Bates breached the above described duties and the applicable standard of care in providing care and treatment to plaintiff Jessica Spragg in the following acts, omissions and failures, as well as other acts and omissions which will become known in the course of discovery:

> A.      Undertaking treatment, surgical or otherwise, that he was without the credentials, privileges and authorization to perform.
>
> B.      Failed to seek consultation, advise and aid from physicians having the education, training and experience necessary to address complications, injuries and conditions in his patients when he was without the requisite education, training and experience, including consultation with a urologist for repair of a severely lacerated and torn bladder.
>
> C.      Failed to use appropriate surgical technique in the repair of bladder and vaginal lacerations and tears.
>
> D.      In other ways not presently known.

51.     That Defendant Bates' above described breaches of the standard of care for physicians directly and proximately caused the damages described above.

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally, in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

## COUNT III

52.     That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs on through fifty-one of this First Amended Complaint as if set forth herein word for word and paragraph for paragraph.

53.     That at all times relevant hereto, Defendant P.C., held itself out as a professional corporation which would provide to persons, and particularly the Plaintiff, proper and timely surgical and medical care and treatment, including obstetric care, by competent, skilled and well-trained physicians.

54.     That from the time of her presentation to Defendant P.C., Plaintiff relied upon the Defendant P.C. to provide qualified, knowledgeable and adequately trained physicians and other health care providers to treat her and to otherwise provide to her an appropriate level of care.

55.     That at all times relevant hereto, each of the individuals identified as Defendants in this action, including Defendants Williams and Bates and other as yet unnamed persons responsible for caring for Plaintiff, were employees and/or agents of the Defendant P.C., acting in the course and scope of that employment/agency.

56.     That the Defendant, P.C., is vicariously liable for the negligence, medical malpractice and/or professional negligence of Defendants Williams and Bates described previously as well as the negligence and professional negligence of other of its employees and agents, as set forth in Count I.

57.     Moreover, Defendant P.C., by and through its employees and/or agents was independently negligent and/or committed medical malpractice in the following particulars, as well as others which will be revealed in the course of discovery:

        A.     In negligently and/or fraudulently holding Defendant Williams out to patients, including but not limited to

- 10 -

Plaintiff, as having the education, training, knowledge and skill of a specialist in obstetrics when in fact Defendant Williams had not completed the training necessary and/or did not have the knowledge, skill and experience required to perform an emergency cesarean section delivery under the facts and circumstances of this case.

B.    In negligently failing to have and enforce policies and procedures requiring Defendant Williams to seek assistance and/or direction from a qualified and experienced obstetrician before performing an emergency cesarean section on Plaintiff.

C.    In other ways not presently known.

58.    That Defendant P.C.'s above described negligence and/or breaches of the standard of care were a direct and proximate cause of injury and damage to Plaintiff as described above.

WHEREFORE, Plaintiffs demand judgment against the defendants jointly and severally in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

## COUNT IV

59.    That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through fifty-eight of this First Amended Complaint as if set forth herein word for word and paragraph for paragraph.

60.    That at all times relevant hereto, Defendant, Alpena Regional medical Center, a/k/a Alpena General Hospital, held itself out as a facility which would provide to persons, and particularly the Plaintiff, proper and timely obstetric, surgical and medical care and treatment by competent, skilled and appropriately trained physicians.

61.    That Plaintiff relied upon the Defendant, Alpena Regional Medical Center to provide qualified, knowledgeable and adequately trained physicians and other health care providers to treat her and to otherwise provide to her an appropriate level of care.

62.     That at all times relevant hereto, Defendants Williams and Bates and other as yet unnamed persons responsible for caring for Plaintiff, were employees and/or agents, either real or ostensible, of the Defendant Alpena Regional Medical Center acting in the course and scope of their employment/agency.

63.     That the Defendant, Alpena Regional Medical Center is vicariously liable for all damages suffered by the Plaintiff as a result of the negligence, medical malpractice and/or professional negligence of Defendants Williams and Bates described previously.   Moreover, Defendant Hospital was independently negligent and/or committed medical malpractice in the following particulars: as well as others which will be revealed in the course of discovery:

A.     In failing to have and enforce appropriate bylaws, policies and procedures to ensure its staff physicians are competent to perform optimum medical care in accordance with applicable standards of practice.

B.     In failing to supervise, properly select and/or employ, and/or monitor its employees, agents and professional staff including but not limited to Defendants Williams and Bates.

C.     In negligently giving privileges to perform emergency cesarean section deliveries to Defendant Williams.

D.     In negligently failing to have and enforce appropriate policies and procedures including but not limited to pursuing patient advocacy by following the chain of command where indicated, and under the facts of the case.

E.     In negligently granting privileges to Defendant Bates to perform complex surgical repair of injuries to the bladder and/or vagina as presented by the facts of this case.

F.     In other ways not presently known.

64.     That Alpena Regional medical Center's above described beaches of the standard of care and negligence directly and proximately caused the damages described above.

65.     That Alpena Regional Medical Center held out and provided Defendant Williams, Defendant Bates and other staff members, employees and agents as well trained, experienced and competent to treat its patients, and specifically Plaintiff Jessica Spragg.

66.     That Defendant, Alpena Regional medical Center owed to the Plaintiffs a duty to select, employ, and retain only competent physicians and to use reasonable care in the issuance, extension and continuation of medical staff privileges to members of its medical staff, including specifically Defendant Williams and Defendant Bates.

67.     That the Defendant Alpena Regional Medical Center breached the above described duties and was negligent when it failed to use reasonable care and diligence in the investigation, granting, extension and continuation of medical staff privileges to Defendant Williams and Defendant Bates.  Such Negligence includes, but is not limited to, failing to confirm/verify their educational background, training, and/or experience, post graduate training, board certification, previous surgical experience, surgical outcomes, incidence of complications, current clinical competence, reputation, past professional affiliations and employment experience.

68.     That the above described breaches of duties by Defendant Alpena Regional Medical Center were a direct and proximate cause of the damages sustained by the Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

- 13 -

## COUNT V

69.     That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through sixty-eight of this First Amended Complaint as if set forth herein word for word and paragraph for paragraph.

70.     That at all times relevant hereto, Plaintiff Matthew Spragg, is the lawful husband and spouse of Plaintiff Jessica Spragg.

71.     That as a direct and proximate result of the aforesaid injuries sustained by Jessica Spragg, Matthew Spragg has suffered the loss of society, services, companionship, comfort and consortium of Jessica Spragg and that said damages will continue into the future.

Wherefore, Plaintiffs demand judgment against the Defendants in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

LAW OFFICES OF:
BENNER AND FORAN


BRIAN J. BENNER (P25239)
DAVID A. PRIEHS   (P39606)
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI 48334
248-737-5544/FAX: 248-737-5545

Dated: November 24, 2010

## RELIANCE UPON PREVIOUSLY FILED DEMAND FOR TRIAL BY JURY

NOW COME Plaintiffs herein, by and through their attorneys, Benner and Foran, and hereby relies upon their previously filed demand for trial by jury, previously filed  in the above entitled cause.

LAW OFFICES OF:
BENNER AND FORAN


BRIAN J. BENNER (P25239)
DAVID A. PRIEHS (P39606)
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI 48334
(248) 737-5544

Dated: November 24, 2010

- 15 -

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>26th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2010 **3713** NH |
|---|---|---|

Court address 720 W. Chisholm Street, Alpena, MI 49707

Court telephone no.
989-354-9520

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Jessica Spragg and Matthew Spragg | v | Christa Williams, MD<br>1185 US Highway 23 North<br>Alpena, MI 49707<br>989-356-4049 |

Plaintiff's attorney, bar no., address, and telephone no.

Brian J. Benner (P25239)
David A. Priehs (P39606)
28116 Orchard Lake Road
Farmington Hills, MI 48334   248-737-5544

---

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>10-28-10 | This summons expires<br>01-28-11 | Court clerk<br>*Bonnie Friedrichs* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

---

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Alpena, Alpena County, Michigan | Defendant(s) residence (include city, township, or village)<br>Alpena, Alpena County, Michigan |
|---|---|
| Place where action arose or business conducted<br>Alpena, Alpena County, Michigan | |

October 27, 2010
_____
Date

Signature of attorney/plaintiff Brian J. Benner P25239

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ALPENA

JESSICA SPRAGG and MATTHEW SPRAGG,

     Plaintiffs,

-vs-                        Case No. 2010 **3713** NH

CHRISTA WILLIAMS, M.D., RICHARD BATES,
 M.D., ALPENA REGIONAL MEDICAL CENTER
and ALPENA OB/GYN, P.C.,        Hon. **MICHAEL G. MACK**

     Defendants.

                                   /

BRIAN J. BENNER (P25239)
DAVID A. PRIEHS (P39606)
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI 48334
248-737-5544/FAX: 248-737-5545

                                   /

## PLAINTIFFS' COMPLAINT AND DEMAND FOR TRIAL BY JURY

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES
ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS
ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS
ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR
TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE, NOR
DO I KNOW OF ANY OTHER CIVIL ACTION, NOT BETWEEN THESE
PARTIES, ARISING OUT OF THE SAME TRANSACTION OR
OCCURRENCE AS ALLEGED IN THIS COMPLAINT THAT IS EITHER
PENDING OR WAS PREVIOUSLY FILED AND DISMISSED,
TRANSFERRED OR OTHERWISE DISPOSED OF AFTER HAVING BEEN
ASSIGNED TO A JUDGE IN THIS COURT.

BRIAN J. BENNER (P25239)
DAVID A. PRIEHS (P39606)
Attorneys for Plaintiffs

NOW COME Plaintiffs herein, by and through their attorneys, Benner and Foran and complain against the above named Defendants, as follows:

## **COMMON COUNTS**

1.      That at all times relevant hereto, Plaintiff Jessica Spragg is a resident of the City of Alpena, County of Alpena, State of Michigan.

2.      That at all times relevant hereto, Plaintiff Matthew Spragg is a resident of the City of Alpena, County of Alpena, State of Michigan and the husband of Jessica Spragg.

3.      That at all times relevant hereto, Defendant, Alpena Regional Medical Center (hereinafter Defendant Hospital) is a municipal health facility corporation organized under the laws of the State of Michigan which owns and operates Alpena Regional medical Center a/k/a Alpena General hospital located in the City of Alpena, County of Alpena, State of Michigan.

4.      That at all times relevant hereto, Defendant, Alpena OB/GYN, P.C. (hereinafter Defendant P.C.), is a professional corporation organized under the laws of the State of Michigan which owns and operates a medical care facility located in the City of Alpena, County of Alpena, State of Michigan.

5.      At all times relevant, Defendant Christa Williams, M.D. (hereinafter Defendant Williams) was a physician licensed to practice medicine in the State of Michigan, board certified in the specialty of family practice, and engaged in the practice of obstetrics in the County of Alpena, state of Michigan.

6.      At all times relevant, Defendant Richard Bates, M.D. (hereinafter Defendant Bates) was a physician licensed to practice medicine in the State of Michigan, board certified in the specialty of obstetrics and gynecology and engaged in the practice of his specialty in the County of Alpena, State of Michigan.

7.     At all times relevant, there was a professional relationship between Plaintiff Jessica Spragg and Defendants (and/or their agents and employees) pursuant to which Defendants owed Plaintiff a duty to follow the recognized standard of professional practice or care in their treatment of Plaintiff.

8.     Upon information and belief, at all times material, Defendants, Williams and Bates, and nurse midwife Bonnie Bartz, were the agents and/or employees of Defendant P.C. and were given professional staff privileges by Defendant Hospital to admit their patients for labor and delivery including operative delivery.

9.     That at or about 8:00 p.m. on November 29, 2008, Plaintiff presented to Defendant Hospital in labor.

10.     Defendant Hospital's nursing staff obtained information from Plaintiff and contacted Ms. Bartz to notify her of Plaintiff's presentation to Defendant Hospital.

11.     At approximately 8:20 p.m., Ms. Bartz performed a sterile vaginal exam and noted that Plaintiff's cervix was dilated to 3 cm and 90% effaced with the fetus at 0 station with a bulging bag of waters. Also noted was a positive bloody show.

12.     At approximately 9:10 p.m., Ms. Bartz performed a repeat SVE which revealed Plaintiff's cervix was dilated to 4 cm and 90% effaced. Ms. Bartz then admitted Plaintiff to Defendant Hospital for a planned vaginal delivery.

13.     Plaintiff's membranes were artificially ruptured at 1:30 a.m. on November 30, 2008. The amniotic fluid was noted to be clear and without evidence of meconium.

14.     At or about 4:00 a.m. on November 30, 2008, Ms. Bartz re-examined Plaintiff and found her cervix to be fully dilated and 010% effaced. Ms. Bartz then directed Plaintiff to start pushing.

15.     Although Plaintiff was noted to make good pushing efforts and trying a number of different laboring positions, there was an arrest of fetal descent.

16.     Fetal heart rate decelerated to 60 bpm during pushing.

17.     Ms. Bartz had Defendant Williams paged at or about 5:30 a.m. and Defendant Williams arrived at bedside at or about 05:33.

18.     At 05:56 meconium was noted by Defendant Williams during vaginal examination.

19.     Defendant Williams ordered an ultra sound which revealed that the fetus was positioned right occiput posterior with asynclitism.

20.     Defendant Williams directed Mrs. Spragg to continue pushing.   When little progress in fetal descent was made, Defendant Williams and Ms. Bartz made six documented attempts to deliver Plaintiff's baby with a vacuum extractor, all of which failed.  Mrs. Spragg continued pushing until 08:11 when Dr. Williams took her to the operating room for emergent cesarean delivery.

21.     Once in the operating room, Defendant Williams opened Mrs. Spragg's abdominal skin at 08:37, opened what she thought was Mrs. Spragg's uterus at 08:39 and delivered her baby at 08:40.

22.     When Defendant Williams entered the abdominal cavity she failed to identify the bladder and take necessary steps to protect it by creating a bladder flat, employing a bladder blade or otherwise.

23.     Defendant Williams was disoriented and did not identify and/or was unable to recognize anatomical structures and landmarks.

24.    When Defendant Williams attempted to incise Mrs. Spragg's uterus, she negligently cut through the bladder, both the dome and posterior wall.

25.    Likewise, Defendant Williams negligently incised the anterior wall of Mrs. Spragg's vagina mistaking it for the uterus.

26.    The baby was delivered through the anterior wall of the vagina and the rents in the bladder before Defendant Williams recognized that she had in fact incised Mrs. Spragg's bladder and vagina.

27.    Considerable further trauma was caused to Mrs. Spragg's vagina and bladder by the action of delivering the fetus through incisions made in them.

28.    Upon recognizing that she had incised Mrs. Spragg's vagina and bladder, Defendant Williams called for Defendant Bates to assist with the repair of Mrs. Spragg's bladder and vagina.

29.    Dr. Bates re-sutured the bladder and/or vagina three times before achieving what he deemed adequate repair.

30.    The injuries caused by Defendants have resulted in scarring and distortion of Mrs. Spragg's bladder and vagina.

31.    Since her release from Defendant Hospital, Mrs. Spragg has suffered serious urologic dysfunction including, but not limited to, spasms of the bladder, thinning of the bladder wall, urine retention, hydronephrosis, incontinence, urgency, urinary tract infection, frequency, interstitial cystitis and pain.

32.    As a result of the incision and other trauma to her vagina Jessica Spragg has suffered and will in the future suffer pain, including painful intercourse.

33. Due to the trauma of the laceration to her vaginal anterior wall, of delivering the baby through the laceration and the manipulation of those tissues during multiple attempts to repair the vaginal tissues, Plaintiff has suffered scarring and thinning of her vaginal wall, causing pain and spasm and foreclosing future vaginal deliveries.

34. As a direct and proximate result of the symptoms and conditions described above, Plaintiffs have incurred expenses for their diagnosis and treatment and will incur similar expenses in the future.

35. As a direct and proximate result of the injuries sustained by Plaintiff and outlined above, Plaintiffs have suffered a loss of earnings and earning potential and will suffer such losses in the future.

36. Moreover, Plaintiff has suffered, does suffer and will in the future suffer physical pain, emotional distress, disfigurement and disability from many vocational, recreational. Household and personal activities as a result of the negligence acts of Defendants as set forth below.

37. That Plaintiffs were not negligent or comparatively negligent in the happening of the above described events.

38. That the medical care and treatment which is at issue in the action was provided in the County of Alpena, State of Michigan.

39. That the amount in controversy herein exceeds the sum of twenty-five thousand ($25,000.00) dollars and this matter is otherwise within the jurisdiction of this Court.

## COUNT I

40.     That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through thirty-nine of this Complaint as if set forth herein word for word and paragraph for paragraph.

41.     That at all times relevant hereto, Defendant Williams, a family practitioner, represented herself as possessing the knowledge, skill and training of a reasonably competent and skilled physician specializing in the care of women during pregnancy, the delivery of babies, both vaginally and by cesarean section, and the diagnosis and treatment of complications and conditions associated with pregnancy and the delivery of babies.

42.     That there existed between Plaintiff Jessica Spragg and Defendant Williams, a physician-patient relationship during the time Dr. Williams provided treatment to Mrs. Spragg at Alpena Regional Medical Center on November 30, 2008.

43.     That Defendant Williams owed to her patients, and to Plaintiff Jessica Spragg particularly, a duty to provide treatment which met the standard of care and practice for physicians practicing the specialty of obstetrics, i.e. the care of women during pregnancy, the delivery of babies, both vaginally and by cesarean section, and the diagnosis and treatment of complications and conditions associated with pregnancy and the delivery of babies.

44.     That Defendant Williams, breached the above described duties and the applicable standard of care in providing care and treatment to Plaintiff Jessica Spragg in the following acts, omissions and failure, as well as other acts and omissions which will become known in the course of discovery:

> A.  Failing to seek consultation, advice and aid from physicians having the education, training and experience necessary to perform emergency cesarean section deliveries.

B. Undertaking procedures, surgical or otherwise, which she was not qualified by education, training and experience to perform, including specifically emergency cesarean delivery of a crowning baby presenting occiput posterior with asyclitism following almost four hours of pushing.

C. Failing to take care during cesarean delivery to identify and protect organs and anatomic structures including, but not limited to the bladder and vagina.

D. Failing to create a bladder flap and otherwise protect the bladder during cesarean delivery.

E. Failing to know and to recognize anatomic landmarks and structures so as to be aware of the organs, tissues and structures which she encounters and/or incises during surgery.

F. Undertaking treatment, surgical or otherwise, which she did not have the credentials, privileges and authorization to perform.

G. Failing to appropriately deliver by cesarean section a baby whose head has descended to +2 station through incision of the uterus.

H. Incising the bladder and vagina and delivering the fetus through those incisions during cesarean delivery.

I. Other acts of negligence not presently known.

45. That Defendant Williams' above described breaches of the standard of care for physicians directly and proximately caused the damages described above.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

## COUNT II

46. That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through forty-five of this Complaint as if set forth herein word for word and paragraph for paragraph.

- 8 -

47.     That at all times relevant hereto, Defendant Bates represented himself as possessing the knowledge, skill and training of a reasonably competent and skilled obstetrician/gynecologist specializing in the care of women during pregnancy, the delivery of babies, both vaginally and by cesarean section, and the diagnosis and treatment of complications and conditions associated with pregnancy and the delivery of babies.

48.     That there existed between Plaintiff Jessica Spragg and Defendant Bates, a physician-patient relationship during the time Dr. Bates provided treatment ot Mrs. Spragg at Alpena Regional Medical Center on November 30, 2008.

49.     That Defendant Bates owed to his patients and to Plaintiff Jessica Spragg particularly, a duty to provide treatment which met the standard of care and practice for obstetrician/gynecologists.

50.     That Defendant Bates breached the above described duties and the applicable standard of care in providing care and treatment to plaintiff Jessica Spragg in the following acts, omissions and failures, as well as other acts and omissions which will become known in the course of discovery:

     A.     Undertaking treatment, surgical or otherwise, that he was without the credentials, privileges and authorization to perform.

     B.     Failed to seek consultation, advise and aid from physicians having the education, training and experience necessary to address complications, injuries and conditions in his patients when he was without the requisite education, training and experience, including consultation with a urologist for repair of a severely lacerated and torn bladder.

     C.     Failed to use appropriate surgical technique in the repair of bladder and vaginal lacerations and tears.

     D.     In other ways not presently known.

51.     That Defendant Bates' above described breaches of the standard of care for physicians directly and proximately caused the damages described above.

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally, in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

## COUNT III

52.     That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs on through fifty-one of this Complaint as if set forth herein word for word and paragraph for paragraph.

53.     That at all times relevant hereto, Defendant P.C., held itself out as a professional corporation which would provide to persons, and particularly the Plaintiff, proper and timely surgical and medical care and treatment, including obstetric care, by competent, skilled and well-trained physicians.

54.     That from the time of her presentation to Defendant P.C., Plaintiff relied upon the Defendant P.C. to provide qualified, knowledgeable and adequately trained physicians and other health care providers to treat her and to otherwise provide to her an appropriate level of care.

55.     That at all times relevant hereto, each of the individuals identified as Defendants in this action, including Defendants Williams and Bates and other as yet unnamed persons responsible for caring for Plaintiff, were employees and/or agents of the Defendant P.C., acting in the course and scope of that employment/agency.

56.     That the Defendant, P.C., is vicariously liable for the negligence, medical malpractice and/or professional negligence of Defendants Williams and Bates described

previously as well as the negligence and professional negligence of other of its employees and agents, as set forth in Count I.

57.    Moreover, Defendant P.C., by and through its employees and/or agents was independently negligent and/or committed medical malpractice in the following particulars, as well as others which will be revealed in the course of discovery:

A.    In negligently and/or fraudulently holding Defendant Williams out to patients, including but not limited to Plaintiff, as having the education, training, knowledge and skill of a specialist in obstetrics when in fact Defendant Williams had not completed the training necessary and/or did not have the knowledge, skill and experience required to perform an emergency cesarean section delivery under the facts and circumstances of this case.

B.    In negligently failing to have and enforce policies and procedures requiring Defendant Williams to seek assistance and/or direction from a qualified and experienced obstetrician before performing an emergency cesarean section on Plaintiff.

C.    In other ways not presently known.

58.    That Defendant P.C.'s above described negligence and/or breaches of the standard of care were a direct and proximate cause of injury and damage to Plaintiff as described above.

WHEREFORE, Plaintiffs demand judgment against the defendants jointly and severally in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

## COUNT IV

59.    That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through fifty-eight of this Complaint as if set forth herein word for word and paragraph for paragraph.

60.     That at all times relevant hereto, Defendant, Alpena Regional medical Center, a/k/a Alpena General Hospital, held itself out as a facility which would provide to persons, and particularly the Plaintiff, proper and timely obstetric, surgical and medical care and treatment by competent, skilled and appropriately trained physicians.

61.     That Plaintiff relied upon the Defendant, Alpena Regional Medical Center to provide qualified, knowledgeable and adequately trained physicians and other health care providers to treat her and to otherwise provide to her an appropriate level of care.

62.     That at all times relevant hereto, Defendants Williams and Bates and other as yet unnamed persons responsible for caring for Plaintiff, were employees and/or agents, either real or ostensible, of the Defendant Alpena Regional Medical Center acting in the course and scope of their employment/agency.

63.     That the Defendant, Alpena Regional Medical Center is vicariously liable for all damages suffered by the Plaintiff as a result of the negligence, medical malpractice and/or professional negligence of Defendants Williams and Bates described previously.   Moreover, Defendant Hospital was independently negligent and/or committed medical malpractice in the following particulars:  as well as others which will be revealed in the course of discovery:

A.     In failing to have and enforce appropriate bylaws, policies and procedures to ensure its staff physicians are competent to perform optimum medical care in accordance with applicable standards of practice.

B.     In failing to supervise, properly select and/or employ, and/or monitor its employees, agents and professional staff including but not limited to Defendants Williams and Bates.

C.     In negligently giving privileges to perform emergency cesarean section deliveries to Defendant Williams.

D.     In negligently failing to have and enforce appropriate policies and procedures including but not limited to

- 12 -

pursuing patient advocacy by following the chain of command where indicated, and under the facts of the case.

E.      In negligently granting privileges to Defendant Bates to perform complex surgical repair of injuries to the bladder and/or vagina as presented by the facts of this case.

F.      In other ways not presently known.

64.     That Alpena Regional medical Center's above described beaches of the standard of care and negligence directly and proximately caused the damages described above.

65.     That Alpena Regional Medical Center held out and provided Defendant Williams, Defendant Bates and other staff members, employees and agents as well trained, experienced and competent to treat its patients, and specifically Plaintiff Jessica Spragg.

66.     That Defendant, Alpena Regional medical Center owed to the Plaintiffs a duty to select, employ, and retain only competent physicians and to use reasonable care in the issuance, extension and continuation of medical staff privileges to members of its medical staff, including specifically Defendant Williams and Defendant Bates.

67.     That the Defendant Alpena Regional Medical Center breached the above described duties and was negligent when it failed to use reasonable care and diligence in the investigation, granting, extension and continuation of medical staff privileges to Defendant Williams and Defendant Bates.  Such Negligence includes, but is not limited to, failing to confirm/verify their educational background, training, and/or experience, post graduate training, board certification, previous surgical experience, surgical outcomes, incidence of complications, current clinical competence, reputation, past professional affiliations and employment experience.

68.     That the above described breaches of duties by Defendant Alpena Regional Medical Center were a direct and proximate cause of the damages sustained by the Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

## COUNT V

69.     That Plaintiffs herein reassert and reallege each and every allegation contained in paragraphs one through sixty-eight of this Complaint as if set forth herein word for word and paragraph for paragraph.

70.     That at all times relevant hereto, Plaintiff Matthew Spragg, is the lawful husband and spouse of Plaintiff Jessica Spragg.

71.     That as a direct and proximate result of the aforesaid injuries sustained by Jessica Spragg, Matthew Spragg has suffered the loss of society, services, companionship, comfort and consortium of Jessica Spragg and that said damages will continue into the future.

Wherefore, Plaintiffs demand judgment against the Defendants in whatever amount Plaintiffs are found to be entitled, together with costs, interest and reasonable attorney fees.

LAW OFFICES OF:
BENNER AND FORAN

BRIAN J. BENNER (P25239)
DAVID A. PRIEHS   (P39606)
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI 48334
248-737-5544/FAX: 248-737-5545

Dated: October 27, 2010

- 14 -

## DEMAND FOR TRIAL BY JURY

NOW COME Plaintiffs herein, by and through their attorneys, Benner and Foran, and

hereby demand a trial by jury in the above entitled cause.

LAW OFFICES OF:
BENNER AND FORAN

BRIAN J. BENNER (P25239)
DAVID A. PRIEHS (P39606)
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI 48334
(248) 737-5544

Dated: October 27, 2010