UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSICA SPRAGG and
MATTHEW SPRAGG,

    *Plaintiffs*,

CASE NO: 11-10056

v.

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

UNITED STATES OF AMERICA,
ALPENA REGIONAL MEDICAL CENTER,
and ALPENA OB/GYN, P.C.,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT UNITED STATES' MOTION TO DISMISS**
(Doc. 8)

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED**, that the claims against the United States be **DISMISSED WITHOUT PREJUDICE** as this Court lacks subject matter jurisdiction over them, and the remaining claims remanded to state court.

### II. REPORT

    **A.**     **Introduction & Facts**

This is a medical malpractice claim originally filed in the Alpena County Michigan Circuit Court by Plaintiffs against two doctors, a medical practice and the Alpena Regional Medical Center, claiming injuries sustained during surgery to deliver Jessica Spagg's child by caesarian section. (Doc. 1.) The action was filed on November 29, 2010, and removed to this Court by the United States on January 5, 2011. (*Id.*) The government avers that because the medical practice

is deemed a community health center under the Federally Supported Health Centers Assistance Act of 1992 (hereafter "FSHCAA"), Pub. Law 102-501, 42 U.S.C.§233(g)-(n), the physicians employed by the practice are deemed to be employees of the U.S. Public Health Service. The instant motion was filed on January 28, 2011. Plaintiffs filed an answer (Doc. 12), and the government filed a reply. (Doc. 13.) Oral argument was heard March 9, 2011. Accordingly, the matter is ready for report and recommendation.

### B.    Arguments of the Parties

The United States argues since the doctors and medical practice are deemed part of the U.S. Public Health Service under the FSHCAA, the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-2680 apply and govern. Specifically, the United States points to the FTCA's requirement that no action commence until all applicable administrative procedures have been completed. The government argues that these procedures have been commenced, but have not been completed, thus requiring dismissal.

Counsel for Plaintiffs does not dispute that the administrative procedures have not yet been concluded, and counsel states his willingness to stipulate to the dismissal of the Defendant United States without prejudice. However, he requests that this Court retain jurisdiction over the remaining "state defendants" pending completion of the FTCA administrative process.

### C.    Law & Analysis

#### 1.    Federal Tort Claims Act

The FTCA provides a limited waiver of sovereign immunity making the United States liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," under circumstances

2

where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

In order for this Court to exercise jurisdiction over a claim brought pursuant to the FTCA, a claimant must first follow complete the applicable administrative procedures. 28 U.S.C. § 2675. The administrative claim prerequisite is a jurisdictional requirement that cannot be waived. *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Juide v. City of Ann Arbor*, 839 F. Supp. 497, 508 (E.D. Mich. 1993). Thus, the burden is on the plaintiff seeking recovery under the FTCA to plead facts demonstrating presentment of an administrative claim pursuant to 28 U.S.C. § 2675. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S. Ct. 780, 782, 80 L. Ed. 1135 (1936); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980). In the absence of such compliance, a district court has no subject matter jurisdiction over a plaintiff's claim. *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983).

In this case, counsel for Plaintiff has candidly acknowledged that he has not fully prosecuted an administrative claim prior to filing suit. Accordingly, I suggest that this Court lacks subject matter jurisdiction over the claims brought against the Defendant United States under the FTCA and therefore I further suggest that those claims be dismissed without prejudice.

### 2.    **Pendent & Supplemental Jurisdiction**

As to Plaintiffs' request that the court retain jurisdiction over the remaining defendants, in *Finley v. United States*, 490 U.S. 545, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989), the Supreme Court held that there is no pendent party jurisdiction under the FTCA. Congress later overruled

*Finley* by enacting the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), which specifically extends federal jurisdiction to pendent state claims.[1] However, I suggest this statute is of no avail to Plaintiffs. Supplemental jurisdiction requires at least "minimal diversity" between the parties, and that is all that the constitution requires. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967). "Thus, as long as any two adverse parties are not co-citizens, the Constitution poses no obstacle to the federal courts' exercise of subject matter jurisdiction." *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1989) (existence of minimal diversity obviated any constitutional objection to federal court jurisdiction over pendent party claim in the context of removal). Here, as mentioned, however, counsel for Plaintiff has conceded that there is no diversity. I therefore suggest that the remaining claims must be remanded to the state court from which they were removed. *See Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987) ("it was error for the district court to have retained jurisdiction over the purported state law claims . . . [t]he district court instead should have remanded the pendent state claims to the state court from which they were originally removed.").

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See*

---

[1] The statute reads: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a).

4

*also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                         s/ *Charles E Binder*
                                                         CHARLES E. BINDER
Dated: March 11, 2011                        United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Derri Thomas, Brian Benner and David Priehs, and served on District Judge Ludington in the traditional manner.

Date:  March 11, 2011                       By     s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder